**IT IS ORDERED as set forth below:**

Date: August 16, 2021



_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

**Signed as Revised by the Court**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 17-59277-WLH |
| | § | |
| DIANE LASHELL WRIGHT, | § | |
|    Debtor | § | CHAPTER 13 |
| | § | |
| U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF CITIGROUP MORTGAGE LOAN TRUST 2018-A, | § § § § § § § | |
|    Movant | § | CONTESTED MATTER |
| | § | |
| v. | § | |
| | § | |
| DIANE LASHELL WRIGHT; NANCY J. WHALEY, Trustee | § § | |
|    Respondents | § | |

**AGREED ORDER CONDITIONING AUTOMATIC STAY AS TO DEBTOR**

     Came on for consideration the Motion for Relief from Stay, originally set for hearing on

April 21, 2021 reset to May 26, 2021 reset to June 30, 2021 reset to August 04, 2021, filed by

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY,

BUT SOLELY AS TRUSTEE OF CITIGROUP MORTGAGE LOAN TRUST 2018-A, (hereinafter "MOVANT"), a secured creditor in the above entitled and numbered cause.  The Court, having considered said Motion and the agreement of Counsel, is of the opinion that the following Agreed Order should be entered.  It is therefore, **ORDERED, ADJUDGED, AND DECREED** that:

1.	**Automatic Stay:**  The Automatic Stay provided by 11 U.S.C. § 362 shall remain in effect, except as provided below.

2.	**Current Monthly Payments:**  Debtor shall continue to remit to the Movant the regular post-petition monthly payments beginning August 19, 2021, and continue said payments thereafter pursuant to that certain Note and Security Deed dated October 24, 2003.

3.	**Additional Payments**:  In addition to the currently monthly payments set forth above, Debtor has cured post-petition arrearage and paid agreed attorney's fees and cost as outlined below.  Said total amount consists of post-petition payments for the months of November 19, 2020 through July 19, 2021 and additional fees and costs detailed as follows:

| | | |
|---|---|---:|
| Monthly Payment Amount | $758.44 X 6 | $4,550.64 |
| Monthly Payment Amount | $761.06 X 3 | $2,283.18 |
| Attorney's Fees & Costs | | $1,238.00 |
| Other Fees & Costs | | $0.00 |
| Amount Due | | $8,071.82 |
|    Payments Received since MFR filing date | | $8,071.82 |
|    Payment to be Received | | $0.00 |
|    Debtor Suspense Balance | | $0.86 |
| Total Balance Due Less Payments Received (remaining suspense balance) | | -$0.86 |

Payments shall be remitted to the following address:

FAY SERVICING LLC
PO BOX 814609
DALLAS, TX  75381-4609
Attention: Bankruptcy Department

Payments received after the due date and any grace period specified in the loan documents are subject to the default provisions contained in the Default Paragraph of this Agreed Order.

4. **Discharge:** Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

5. **Conversion to Chapter 7**: The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post petition delinquent payments, fees, and charges due under the Note and Security Deed shall become immediately payable to Movant.

6. **Effect of Non-sufficient Funds**: Tendering of a check to Movant by Debtor which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn or due to any other reason shall not constitute a payment as required by the terms of this order and is an event of default.

7. **Default**: For a period of 12 months after entry of this Order, should the Movant fail to receive any payments by the dates set forth in the Current Monthly Payments Paragraph or the Additional Payments Paragraph, or in the event Debtor converts to Chapter 7 as set forth in the Conversion to Chapter 7 Paragraph, Movant shall send written notice to Debtor, Counsel for Debtor, and Trustee at the address set forth on the Distribution List attached to this Order and allow Debtor a 10-day period from the date of such written notice to cure such delinquent payments. Cure payments must be made by certified funds only. In the event Debtor fails to cure such delinquent payments within such 10-day period or in the event Debtor becomes delinquent after **two (2)** notices of default, Movant may obtain an order modifying the Automatic Stay of 11

U.S.C. 362 after submitting a Delinquency Motion pursuant to the Delinquency Motion Paragraph and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the property described as follows:

> ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOTS 158 AND 159 OF THE 13TH DISTRICT, FULTON COUNTY, GEORGIA, BEING LOT 15, BLOCK F, UNIT FOUR-A, OF KIMBERLY SUBDIVISION, AS PER PLAT RECORDED IN PLAT BOOK 100, PAGE 25, FULTON COUNTY RECORDS, WHICH PLAT IS INCORPORATED HEREIN BY REFERENCE AND MADE A PART HEREOF.
>
> MORE COMMONLY KNOWN AS: 6885 CAINWOOD DR, COLLEGE PARK, GEORGIA 30349

8. **Delinquency Motion**: If Debtor fails to cure the delinquency pursuant to the Default Paragraph, Movant may present to the Court, after service on Debtor and Debtor's Counsel, a motion containing specific allegations of the delinquency, a copy of the Delinquency Notice sent pursuant to the Default Paragraph, and a proposed order. The Motion will be accompanied by an affidavit from the Movant alleging the default. Upon presentation to the Court, the Court may enter an order modifying the stay without hearing.

9. **Foreclosure Sale Proceeds**: Upon completion of any foreclosure sale, any funds in excess of Movant's claim under the Note and Security Deed, and to any subordinate lienholder(s) properly entitled to receive proceeds under applicable State Law, shall be remitted to the Trustee for the benefit of the estate.

It is further ordered that upon termination of the automatic stay, the trustee shall cease funding any claim filed by Movant.

END OF DOCUMENT

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP


BY:   /s/ John Callison                       /s/ Jason Lutz w/express permission

| John Callison | Jason Lutz |
|---|---|
| GA NO. 167972 | GA NO. 670673 |
| 4004 BELT LINE ROAD SUITE 100 | BLDG. 3 |
| ADDISON, TX 75001 | 3300 NORTHEAST EXPWY. |
| Telephone: (972) 341-0500 | ATLANTA, GA  30341 |
| Facsimile: (972) 661-7725 | |
| E-mail: GA.ND.ECF@BDFGROUP.COM | ATTORNEY FOR DEBTOR |
| ATTORNEY FOR MOVANT | |


/s/ Ryan Williams w/express permission
Ryan Williams
GA NO. 940874
Staff Attorney for Nancy J. Whaley
303 PEACHTREE CENTER AVENUE
SUITE 120, SUNTRUST GARDEN PLAZA
ATLANTA, GA 30303

CHAPTER 13 TRUSTEE

## DISTRIBUTION LIST

**DEBTOR:**
DIANE LASHELL WRIGHT
6885 CAINWOOD DRIVE
ATLANTA, GA 30349

DIANE LASHELL WRIGHT
6885 CAINWOOD DR
COLLEGE PARK, GA 30349

**TRUSTEE:**
NANCY J. WHALEY
303 PEACHTREE CENTER AVENUE
SUITE 120, SUNTRUST GARDEN PLAZA
ATLANTA, GA 30303

**DEBTOR'S ATTORNEY:**
E. L. CLARK
BLDG. 3
3300 NORTHEAST EXPWY.
ATLANTA, GA 30341

**PARTIES IN INTEREST:**
INTERNAL REVENUE SERVICE
POST OFFICE BOX 7346
PHILADELPHIA, PA 19101-7346

BARRETT, DAFFIN, FRAPPIER, TURNER & ENGEL, LLP
4004 BELT LINE ROAD, SUITE 100
ADDISON, TEXAS 75001

**PARTIES REQUESTING NOTICE:**
None